# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHALANE HOSEIN, on behalf of herself and others similarly situated,<br><br>               Plaintiff,<br><br>      v.<br><br>SONDER USA INC.,<br><br>               Defendant. | Civil Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Hosein ("Plaintiff" or "Ms. Hosein"), by and through her attorneys, Nettle Law LLC and The Law Offices of Jacob Aronauer, and on behalf of herself and others similarly situated, hereby alleges as follows against Sonder USA Inc. ("Sonder" or "Defendant"):

## NATURE OF THE CLAIMS

1.      Plaintiff brings this class action on behalf of herself and all similarly situated employees who suffered an "employment loss" without the required advance written notice as required by the federal Worker Adjustment and Retraining Notification Act (29 U.S.C. § 2101 *et seq.*) (the "Federal WARN Act") and the New York State Worker Adjustment and Retraining Notification Act (N.Y. Lab. Law §§ 860–860-i) (the "NY WARN Act").

2.      Defendant ordered a mass layoff and/or plant closing at one or more of its facilities affecting Plaintiff and the Class (defined *infra* ¶¶ 40-41) without providing at least 60 calendar days advance written notice required by the Federal WARN Act and without providing at least 90 calendar days advance written notice required by the NY WARN Act.

3.      Plaintiff seeks statutory damages in the form of back pay and the value of benefits for each day of violation up to the statutory maximum, civil penalties as permitted by law, pre- and post-judgment interest, costs, and reasonable attorneys' fees, as well as any other appropriate

relief.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiffs' rights under the Federal Warn Act.

5.      The Court also has supplemental jurisdiction over Plaintiffs' related claims arising under State law pursuant to 28 U.S.C. § 1367.

6.      Venue is proper under 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

**A.      Plaintiff Shalane Hosein**

7.      Plaintiff is a natural person who resides in Brooklyn, New York.

8.      At all relevant times, Plaintiff was employed by Defendant from in or around November 2022, until her termination on November 10, 2025.

9.      At all relevant times, Plaintiff was an "employee" within the meaning of the Federal WARN Act and NY WARN Act.

**B.      Defendant Sonder USA Inc.**

10.      Defendant is a foreign corporation organized under the laws of the State of Delaware with its principal place of business located at 447 Sutter Street, Suite 405, San Francisco, California 94108.

11.      Defendant operates at least 13 facilities in New York, including locations in New York City, Long Island City, and Brooklyn ("NY Facilities"), and conducts business within the

State of New York.

12.    Defendant is an "employer" within the meaning of the Federal WARN Act and the

NY WARN Act.

13.    The NY Facilities and address are as follows:

| Facility | Address |
|---|---|
| The Dutch Hotel Long Island City, Sonder | 39-35 27th Street, Long Island City, NY 11101 |
| Duane Street Hotel Tribeca, Sonder | 130 Duane Street, New York, NY 10013 |
| Sonder The Nash Apartments Midtown East | 222 East 39th Street, New York, NY 10016 |
| The William Hotel Midtown, Sonder | 24 East 39th Street, New York, NY 10016 |
| City Hall Park | 17 John Street, New York, NY, 10038 |
| The Merchant | 139 Orchard Street, New York, NY 10002 |
| Sonder Court Square Apartments Long Island City | 45-06 Pearson Street, Long Island City, NY 11101 |
| Sonder One Platt Apartments Financial District | 1 Platt Street, New York, NY 10038 |
| The Industrialist Hotel Gowanus Brooklyn, Sonder | 651 Union Street, Brooklyn, NY 11215 |
| Henri on 24 Hotel Chelsea, Sonder | 37 W 24th St, New York, NY 10010 |
| Flatiron Hotel, Sonder | 9 West 26th Street, New York, NY 10010 |
| Chambers Hotel Central Park South, Sonder | 15 West 56th Street, New York, NY 10019 |
| Sonder Battery Park Apartments Financial District | 2 Washington Street, New York, NY 10004 |

14.    Defendant employed well in excess of 100 employees statewide.

15.    Under information and belief, Defendant operates as a single employer for all its

employees working at any given facility in New York.

**FACTS**

16.    Plaintiff was employed by Defendant as a full-time Hospitality Agent from in or

around November 2022, until her termination on November 10, 2025.

17.    Throughout her employment, Plaintiff primarily worked at Defendant's flagship

location, Sonder Battery Park Apartments Financial District ("Sonder Battery Park"), but also at

nine of Defendant's other locations for additional hours, including, *inter alia*, Duane Street Hotel

Tribeca ("Sonder Duane Street"), Sonder One Platt Apartments Financial District ("Sonder Platt"),

Sonder The Nash Apartments Midtown East ("Sonder Nash"), and The Industrialist Hotel

Gowanus Brooklyn ("Sonder Industrialist").

18.     On October 31, 2025, Sonder USA, Inc. issued a conditional WARN Act notice to employees at its NY Facilities ("WARN Notice"). *See* Exhibit A.

19.     The notice explicitly referenced both the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* , and the New York State Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860 *et seq.*

20.     The notice stated that potential terminations would occur "on or within fourteen days after January 29, 2026."

21.     This notice is not accurate because as discussed below the terminations took place on November 10, 2025.

22.     The notice cited "recent financial circumstances" and stated that Defendant was "exploring strategic alternatives, including a potential sale." *Id.*

23.     The notice indicated that any facility closures and terminations of employment were expected to be permanent. *Id.*

24.     The notice stated that employees would not have bumping rights for other positions. *Id.*

25.     On the same day that Plaintiff and the Class received the WARN Notice, the Defendant's Regional Vice President, Nick Ivezaj, held a virtual meeting in which he assured Plaintiff and the Class to not be concerned, and that the notice was a mere statutory requirement.

26.     Mr. Ivezaj stated, in part:

> This does not mean, everyone, that your employment is affected, or that your job is in jeopardy in any way. This does not mean anything about your status at all. Sonder is just legally required to state this in written documentation to follow state law. New York City is a very healthy market. Our hotels are busy, as you all know. And it's important to understand that we are operating as normal. Nothing

changes for us. I'm counting on all of you to stay focused on your daily responsibilities and do what you're doing…The company's going through a sale everyone. It's a good thing in my opinion, it's shoring up the company. We're a publicly traded company and there's opportunity for the company to go private. We have 12 great hotels in New York City. They're all super busy. And we may sell and go private. It's all to strengthen the business, in my opinion, all to strengthen the business. I can tell you now, there's nothing to worry about. We just have to send out this notice. It's state law that we have to send it. And I know that in the language of that notice, it will have terms like, your job may be affected, *et cetera*, *et cetera*. That's the law. We have to include that language in the letter. But I'm telling you now that hotels are busy. There's nothing to worry about. The whole company is just selling and there could possibly be a transaction. I expect us to finish the fourth quarter strong, these next two months really strong; 2026 looks really bright. And this is part of the transition and evolution of Sonder…I feel really confident about our New York hotels and the people in it and the way we operate and the business we have. And I'm not worried, me personally, I'm not worried at all, like at all. We just have to go through this process. There's going to be a transaction of the company and we have to inform you all. I know it's a lot to digest. And I'm sure a lot of you may be uneasy about it, which is normal. Totally normal. And I get it. But I'm here to tell you it's business as usual. We just have to go through certain proceedings and certain communication protocols. And then lastly, we're all here. I'm here. all day through the weekend. Finally on Slack. You have a question, Slack me. You want to talk, Slack me…But I will reiterate once again, the business is healthy. Our New York hotels are in great condition….And we're in good shape. It's just the company's gonna sell, your lives won't change and nothing will change. We're still Sonder, and again, I reiterate, we just have to send out certain communication protocols about this.

27.    However, on November 9, 2025, Defendant notified Plaintiff and all other employees that the next day, November 10, 2025, Defendant's operations would cease and that their last day of employment would be November 10, 2025. *See* Exhibit B.

28.    Consistent with Plaintiff and all other employees being notified that their last day was November 10, 2025, Defendant's guests were also notified to vacate the premises by 9:00 a.m. on November 10, 2025. *Id.*

29.    On November 10, 2025, Defendant terminated Plaintiff's and the Class's ability to

communicate through with Defendant through Slack and provided no further clarification on the status of their employment, benefits, pay, or any other important information required under the Federal Warn Act and NY Warn Act.

30.    Moreover, on the same day, Defendant notified Plaintiff and all other employees, in writing, that November 10, 2025, was her termination date, that the "Company is not in a position to offer terminating employees severance pay," and to apply for unemployment benefits. *See* Exhibit C.

31.    The termination date, November 10, 2025, is approximately 80 days earlier than the date provided in the conditional notice, January 29, 2026.

32.    Defendant's actions constituted a "plant closing" and/or "mass layoff" within the meaning of the Federal WARN Act and the NY WARN Act which resulted in an "employment loss" for at least the statutory threshold number of employees during a 30-day period at a single site of employment in New York.

33.    Defendant failed to give Plaintiff and the putative Class at least 60 days' advance written notice required by the Federal WARN Act.

34.    Defendant failed to give Plaintiff and the putative Class at least 90 days' advance written notice required by the NY WARN Act.

35.    Upon information and belief, Defendant also failed to timely notify the New York State Department of Labor's dislocated worker unit and the chief elected official of the local government(s) as required by the Federal WARN Act and the NY WARN Act.

36.    Defendant did not pay Plaintiff and Class Members wages, salary, commissions, bonuses, accrued holiday/vacation pay, pension/401(k) contributions, COBRA premium reimbursements, and other ERISA and welfare benefits they would have received during the

statutory notice period(s), nor did Defendant maintain benefits or pay for their value during the notice period(s).

37.     No valid exception or exemption to the statutory notice requirements applies.

38.     To the extent Defendant claims an exception, including "unforeseeable business circumstances," "faltering company," or "natural disaster," Defendant failed to provide as much notice as practicable and failed to include a brief statement of the basis for reducing the notice period as required by law.

<u>**CLASS ACTION ALLEGATIONS**</u>

39.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of a class defined as:

40.     **Federal WARN Class**: All employees of Defendant who suffered an "employment loss" as part of Defendant's mass layoff and/or plant closing effective on or about November 10, 2025, at a single site of employment within the United States, and who did not receive at least 60 days' advance written notice.

41.     **NY WARN Subclass**: All employees of Defendant who suffered an "employment loss" as part of Defendant's mass layoff and/or plant closing effective on or about November 10, 2025, at a single site of employment in New York State, and who did not receive at least 90 days' advance written notice.

42.     <u>Numerosity</u>: The potential number of Federal WARN Class and NY WARN Class members is so numerous that the joinder of all members is impracticable. The Class consists of at least 100 employees and likely many more, but the precise number and identity of such persons is within Defendant's sole control.

43.     <u>Commonality</u>: Common questions of law and fact predominate, including

        a.     Whether Defendant was a covered employer;

b.       Whether the terminations constituted a "mass layoff" and/or "plant closing;"

c.       Whether adequate and timely WARN notices were issued to employees;

d.       Whether Defendant unlawfully failed to pay the Federal WARN Class and NY WARN Class their wages due under the Federal WARN Act and NY WARN Act;

e.       Whether Defendant unlawfully terminated the employment of the Federal WARN Class and NY WARN Class without cause on their part and without giving them advance written notice under the Federal WARN Act and NY WARN Act;

f.       Whether any statutory exception applies; and

g.       The appropriate measure of damages.

44.     <u>Typicality</u>: Plaintiff's claims are typical of the Federal WARN Class and NY WARN Class because they arise from the same course of conduct and legal theories and the same type of injury—loss of employment without the required Federal WARN Act and NY WARN Act notice. Further Plaintiff, like Federal WARN Class and NY WARN Class members, was Defendant's employee, whether working at one location or any other of Defendant's NY Facilities.

45.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Federal WARN Class and NY WARN Class and has retained counsel experienced in class actions and employment litigation.

46.     <u>Predominance and Superiority</u>: Class certification is appropriate under Fed R. Civ. P. 23(b)(3) because common issues predominate over any individual issues, and a class action is superior to other methods for fair and efficient adjudication. Class treatment will conserve judicial resources and avoid inconsistent adjudications.

47.     <u>Ascertainability</u>: the Federal WARN Class and NY WARN Class are readily ascertainable from Defendant's records, including payroll and personnel records, and termination data.

48.     Defendants' corporate-wide policies and practices affect Federal WARN Class and NY WARN Class members similarly.

49.     Plaintiff and Federal WARN Class and NY WARN Class members have sustained similar losses, injuries and damages arising from the same unlawful practices.

50.     Plaintiff is willing and able to fairly and adequately protect the interests of Federal WARN Class and NY WARN Class members and has no interest antagonistic to Federal WARN Class and NY WARN Class members.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FEDERAL WARN ACT**

51.     Plaintiff, on behalf of herself and the Federal WARN Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

52.     Defendant is an "employer" as defined by the Federal WARN Act, and Plaintiff and the Federal WARN Class are "affected employees" and/or "aggrieved employees" within the meaning of the statute.

53.     Defendant ordered a "plant closing" and/or "mass layoff" that resulted in an "employment loss" for at least the threshold number of employees at a single site of employment during a 30-day period.

54.     Defendant failed to provide at least 60 calendar days advance written notice to Plaintiff, the Federal WARN Class, the New York State Dislocated Worker Unit, and the chief elected official(s) of the local government(s) as required.

55.     As a direct and proximate result, Plaintiff and the Federal WARN Class are entitled to: (a) back pay for each day of violation up to the statutory maximum; (b) the cost of benefits (including medical expenses and insurance premiums) for each day of violation up to the statutory maximum; (c) civil penalties for failure to notify the local government(s) as provided by statute;

(d) reasonable attorneys' fees and costs; and (e) pre- and post-judgment interests.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK WARN ACT

56.    Plaintiff, on behalf of herself and the NY WARN Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

57.    Defendant is a covered "employer" under the NY WARN Act, and Plaintiff and the NY WARN Class are covered "employees."

58.    Defendant effected a "mass layoff," "plant closing," and/or "relocation" within New York State as defined by the NY WARN Act.

59.    Defendant failed to provide at least 90 calendar days advance written notice to Plaintiff, the NY WARN Class, the New York State Department of Labor, and the chief elected official(s) of the relevant local government(s), as required by the NY WARN Act and its regulations.

60.    As a direct and proximate result, Plaintiff and the NY WARN Class are entitled to statutory damages, including: (a) back pay for each day of violation up to the applicable statutory maximum; (b) the value or cost of benefits for each day of violation up to the applicable statutory maximum; (c) civil penalties as permitted; (d) reasonable attorneys' fees and costs to the extent available; and (e) pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the Federal WARN Class, and the NY WARN Class, respectfully requests respectfully requests that the Court enter judgment in their favor and against Defendant, and award:

A.    Certification of the Federal WARN Class and NY WARN Subclass under Rule 23, appointment of Plaintiff as Class Representative, and appointment of Plaintiff's counsel as Class

Counsel;

B.     A declaration that Defendant violated the Federal WARN Act and the NY WARN Act;

C.     Statutory damages consisting of back pay and the value or cost of benefits (including but not limited to medical, dental, vision, life insurance, disability, pension/retirement contributions, and COBRA premiums) for each day of violation up to the applicable statutory maximum;

D.     Civil penalties as permitted by the Federal WARN Act and the NY WARN Act, including penalties for failure to notify local government(s);

E.     Pre-judgment and post-judgment interest;

F.     Reasonable attorneys' fees and costs as allowed by law;

G.     Such other and further legal or equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, the Federal WARN Class, and the NY WARN Class, hereby

demands a trial by jury on all issues of fact and damages.

Dated: November 10, 2025           **NETTLE LAW LLC**
       New York, New York

                                   By: _/s/ Brian E. Nettle_
                                     Brian E. Nettle
                                     3119 Newtown Avenue, Suite 502
                                     Astoria, New York 11102
                                     Tel: (646) 992-9213
                                     Fax: (888) 583-9968
                                     geno@nettle-law.com

                                **THE LAW OFFICES OF JACOB ARONAUER**

                                Jacob Aronauer
                                250 Broadway, Suite 620
                                New York, NY 10007
                                Telephone: (212) 323-6980
                                Facsimile: (212) 233-9238

                                *Attorneys for Plaintiff and the Proposed Federal*
                                *WARN Class and NY WARN Subclass*

# EXHIBIT A



## MEMORANDUM

| | |
|---|---|
| **TO:** | Sonder USA, Inc. Employees Located at New York Facilities Set Forth on **Exhibit A** |
| **FROM:** | Vanessa Barmack, General Counsel and Secretary |
| **SUBJECT:** | Conditional WARN Act Notice |
| **DATE:** | October 31, 2025 |

Sonder USA, Inc. ("Sonder" or the "Company") is issuing this conditional notice to you to satisfy any obligation that may exist under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq., the New York State Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860 et seq., and any similar applicable state or local law (collectively, the "WARN Act"). If no obligations exist, this notice is being provided to you voluntarily.

As a result of recent financial circumstances, Sonder is exploring strategic alternatives, including a potential sale of the Company, which may result in the termination of employment of certain employees employed at, or the shutdown of, some or all of its facilities, including the New York facilities set forth on **Exhibit A** attached hereto (the "Facilities"). If you are receiving this notice, you are employed at one or more of these Facilities. Sonder will work diligently to avoid your termination of employment. However, at this time, there is no guarantee that the Company's sale and restructuring efforts will succeed or that, in the event of a sale, the buyer of the business will provide a sufficient number of job offers to current employees at the Facilities. If we are unable to find a solution, or one that retains your position, your employment with the Company is expected to be terminated effective on or within fourteen days after January 29, 2026 (your "Separation Date"), based on the best information available at this time. Sonder is continuing to explore all options and to the extent that circumstances change, or your Separation Date is extended, the Company will let you know as promptly as possible. Any such facility closures and terminations of employment are expected to be permanent, and you will not have bumping rights for other positions (i.e., you will not have the right to displace employees with less seniority).

Unless otherwise notified by Sonder, you are expected to continue to perform your regular duties for the Company between now and your Separation Date. Nothing herein limits the Company's right to terminate your employment for cause, including for failure to perform your duties. In addition, in the event that a plant closing or mass layoff under the WARN Act does not occur, or for any other reason WARN Act notice is not required, the Company reserves the right to terminate your employment prior to the Separation Date.

You are also hereby notified that, in connection with any loss of employment, you may be eligible to receive unemployment insurance benefits, job retraining, re-employment services, or other assistance with obtaining new employment from the New York State Department of Labor or its workforce partners upon any termination. Whenever possible, the New York State Department of Labor will contact the Company to arrange to provide additional information regarding these benefits and services to you through workshops, interviews, and other activities that will be scheduled prior to the time your employment ends. You can also access re-employment information and apply for unemployment insurance benefits on the Department's website, www.labor.state.ny.us, or you may use the contact information provided on the website or visit one of the Department's local offices for further information and assistance.

We are very grateful for your dedication to Sonder.  If you have questions, please contact me by phone at 347-889-0371 or by email at vanessa.barmack@sonder.com.

**EXHIBIT A**

| Facility | Address |
|---|---|
| The Dutch Hotel Long Island City, Sonder | 39-35 27th Street, Long Island City, NY 11101 |
| Duane Street Hotel Tribeca, Sonder | 130 Duane Street, New York, NY 10013 |
| Sonder The Nash Apartments Midtown East | 222 East 39th Street, New York, NY 10016 |
| The William Hotel Midtown, Sonder | 24 East 39th Street, New York, NY 10016 |
| City Hall Park | 17 John Street, New York, NY, 10038 |
| The Merchant | 139 Orchard Street, New York, NY 10002 |
| Sonder Court Square Apartments Long Island City | 45-06 Pearson Street, Long Island City, NY 11101 |
| Sonder One Platt Apartments Financial District | 1 Platt Street, New York, NY 10038 |
| The Industrialist Hotel Gowanus Brooklyn, Sonder | 651 Union Street, Brooklyn, NY 11215 |
| Henri on 24 Hotel Chelsea, Sonder | 37 W 24th St, New York, NY 10010 |
| Flatiron Hotel, Sonder | 9 West 26th Street, New York, NY 10010 |
| Chambers Hotel Central Park South, Sonder | 15 West 56th Street, New York, NY 10019 |
| Sonder Battery Park Apartments Financial District | 2 Washington Street, New York, NY 10004 |

# EXHIBIT B



6:46    📞 6:53    •••••••••••    • 🔋 76

🔒 **nyc_internal**
111 members • 4 tabs

**Nick Ivezaj** 6:45 PM
Hello New York City Family @here - With a heavy heart and compassion i share the following that just came down from our interim CEO through email a short while ago. I am in touch with the general managers who will be communicating exactly how we execute the below tomorrow along with more info in general. Please read:

*We have an unfortunate, but important update to share.* **Sonder will be ceasing US operations effective tomorrow, and non-US operations as soon as appropriate and practical in accordance with local laws.** *Guests have been asked to vacate our properties by* **9:00AM local time Monday, November 10.** *Please see* **attached** *for communication that has been sent to our guests (in-house and incoming).*

*Here's what we need from you today and tomorrow:*

- **Focus on guest care:** *Be calm, kind, and clear when communicating. Direct guests to check their email for more information.*
- **Do not check-in new arrivals:** *All reservations have been cancelled, we are unable to honor the reservation.*
- **If guests need assistance rebooking:** *Direct them to* **Marriott Customer Care** *for relocation support.*
- **Work to secure the property:** *Make sure all*

➕ Message nyc_internal 🎤

🏠 Home    DMs    Activity    ••• More    🔍



6:46     📞 6:57     ▓▓▓▓▓     76

🔒 **nyc_internal**
111 members • 4 tabs

- *Focus on guest care:* Be calm, kind, and clear when communicating. Direct guests to check their email for more information.
- *Do not check-in new arrivals:* All reservations have been cancelled, we are unable to honor the reservation.
- *If guests need assistance rebooking:* Direct them to *Marriott Customer Care* for relocation support.
- *Work to secure the property:* Make sure all rooms are checked and locked after guests depart and nothing is removed.

*We know this is extremely difficult news and not what anyone expected.   Please know that this outcome was a last resort after exhausting every possible option to continue operations.*

We'll share more information about what this means for your employment and next steps as soon as possible.   Thank you for your professionalism and compassion today - it means a great deal in helping us close with care and integrity.   All employees will be paid for their days worked of course including tomorrow.  P.S and lastly It was a highlight of my thrill of my career to work along side every single one of you and to accomplish what we built in New York. I'll touch base tomorrow again with mroe news and feel free to slack me **direct** with any questions at all.   In hospitality -Nick

Message nyc_internal



Home     DMs     Activity     More     🔍



**Michelly Tejada** 6:31 PM

Hey everyone! So this is the information I have. Sonder is closing as of tomorrow at 5pm all building will be closing and having a sign put up. All guests have been contacted that their reservation will be canceled or ending tomorrow at 9am. All guests must check out by 9am tomorrow. Openers and or management will be on site to ensure all guests have checked out and there is no theft or damage to the units or property. If you work an evening shift contact your manager to ask if you can work the morning shift to ensure the closing of the buildings but all building will be locked and vacated by 5pm. I'm sorry for the lack of communication and the sudden terrible news we're all waiting for more guidance and answers. I wish you all the best and it was great working with you all 🤍 (edited)

 10    4    6

 6   

# EXHIBIT C



November 10, 2025

Dear Employees,

In light of unforeseeable financial circumstances, Sonder USA Inc. (the "Company") will have to

cease operations and begin the liquidation process immediately. Unfortunately, I must inform you that

your employment with the Company is being terminated. Your last day of employment with the

Company will be today, November 10, 2025 (your "Termination Date").

As of your Termination Date, your salary or wage shall cease, you will no longer be an employee

or representative of the Company or its affiliates, and you will no longer hold any positions, memberships

or offices with the Company or its affiliates. You will receive payment of all accrued and unpaid wages

through your Termination Date. If enrolled in the Company's health plan, your coverage will remain in
place until the end of the month.

Effective as of your Termination Date, you should not engage in any further work or communications on
behalf of the Company or its affiliates. You must promptly return to the Company all documents,
equipment, and other property of the Company and its affiliates in your possession or control, including
any laptops, phones, electronic devices, keys, entry cards, credit cards, and files (reach out to
equipmentreturn@sonder.com for more information).

The Company's severance policy has been discretionary and, given the Company's financial

circumstances at this time, the Company is not in a position to offer terminating employees severance

pay. You may file for unemployment compensation. To assist you in applying for any eligible benefits,

please        reference        the        state        in        which        you        are        employed        at
https://www.dol.gov/general/topic/unemployment-insurance.

We are extremely grateful for the service you have given to the Company and regret that this

action is necessary. If you have any questions, please contact <u>HRoperations@sonder.com</u>.


Sonder USA Inc.


Janice Sears
Interim CEO

<u>Resources and Additional Information</u>

**Final Pay**

Your final pay will include your hours already worked and accrued PTO (if hourly), or regular salary (if salaried) through your termination date. If enrolled in Sonder's benefits coverage, employee contributions will be deducted from your final pay. Please refer to your paystub for further details.

To access your pay statements, go to: <u>https://myadp.com</u>

You will still be able to log in to ADP using your current log in credentials. Once logged in, please change the email address on file to a personal email to receive email notifications for any outstanding statements. Make note of your ID and Password for future reference.

If you lost or forgot your login and password, please email <u>payroll@sonder.com</u> with a request to trigger notifications to your personal email.  You'll need to provide your full legal name and your personal email address.